**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER J. MCDANIELS, | No. 19-35297 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05801-RBL |
| v. | |
| KATHLEEN PREITO, Call out Clerk; MARCIA MCCORMICK, Job Coordinator; GARY BOHAN, CPM, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted July 17, 2020**

Before: O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

Peter McDaniels appeals from summary judgment on his 42 U.S.C. § 1983 claims of retaliation in violation of the First Amendment, discrimination in violation of the Equal Protection Clause, and a conspiracy in violation of 42 U.S.C. §§ 1985,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1986.  The facts are known to the parties, and we do not repeat them here.

I

The district court correctly granted the prison officials' motion for summary judgment on McDaniels's claims of a "spree" of retaliation for conduct protected by the First Amendment.  McDaniels's speculative and conclusory descriptions fail to raise a triable issue of the officials' motives when they denied Clerk Pool privileges, required pat searches, confronted him over non-compliance with the escort policy, cited him for an infraction, and, ultimately, terminated him.  *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).  The timing of the incidents is at best circumstantial evidence of motive and does not demonstrate motive on its own.  *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995).

Furthermore, McDaniels fails to cite specific facts raising a triable issue as to whether either the escort policy or Marcia McCormick and Kathleen Preito's recording of their perceptions of a confrontation with McDaniels in an Observation Report did not reasonably advance the legitimate correctional goals of security and discipline.  *See Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

II

The district court rightly concluded that McDaniels failed to raise a triable issue of an Equal Protection violation.  McDaniels's "class of one" theory fails at

summary judgment because he is unable to offer specific facts establishing that other prisoners had a similar disciplinary history, establishing that other prisoners continued to work in the Clerk Pool after prison staff discovered that their job screenings did not permit such employment, or that his termination lacked a rational basis. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

## III

The district court properly concluded that McDaniels failed to raise a triable issue of a 42 U.S.C. §§ 1985, 1986 violation. "[T]he absence of any actionable constitutional violation negates by definition the existence of a conspiracy to violate constitutional rights." *San Diego Police Officers' Ass'n v. San Diego City Emps.' Retirement Sys.*, 568 F.3d 725, 740 (9th Cir. 2009).

**AFFIRMED**.